IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| DEWAYNA C. PITTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:17-cv-00156 |
| ) | |
| vs. ) | |
| ) | |
| STANISLAUS CREDIT CONTROL ) | |
| SERVICE, INC., ) | |
| ) | |
| Serve at: Business Filings Inc. ) | **JURY TRIAL DEMANDED** |
| 118 W. Edwards St, Ste 200 ) | |
| Springfield, IL 62704 ) | |
| ) | |
| And ) | |
| ) | |
| DOES 1-4, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Dewayna C. Pitts ("Plaintiff"), through counsel, brings this action against Defendant Stanislaus Credit Control Service, Inc. ("Defendant") and DOES 1-4 (collectively "Defendants") to secure redress against Defendants for unlawful collection practices that violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and states for her Complaint:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this District because: a) part of the acts and transactions

occurred here; and b) Defendant transacts business in this District.

## PARTIES

3. Plaintiff, Dewayna C. Pitts, is a natural person residing St. Clair County, Illinois from whom Defendant attempted to collect an alleged debt. She is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692d, and 1692k.

4. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions.

5. Defendant Stanislaus Credit Control Service, Inc. is a California for-profit corporation with its principle place of business located at 914 14th Street, Modesto, CA 95354. It does business as a debt collector in various states, including Illinois. Defendant had been registered as a foreign entity with the Illinois Secretary of State. See record from Illinois Secretary of State, attached as **Exhibit A**. *See also* www.sccscollects.com (last visited Feb. 12, 2017).

6. DOES 1-4 are principals, agents, owners, and/or entities related to or affiliated with Defendant whose identities are currently unknown.

7. Defendant acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.

8. The principal business purpose of Defendant is the collect of debts in Illinois and elsewhere in the United States, and Defendant regularly attempts to collect debt alleged to be due another.

## FACTUAL ALLEGATIONS

9. On or about August 19, 2016, Plaintiff filed Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Illinois, case number 16-31258-lkg, invoking the protections of the automatic stay pursuant to 11 U.S.C. § 362. See Plaintiff's Original Chapter 7 bankruptcy petition attached and incorporated here as **Exhibit B**.

10. Schedule E/F of Plaintiff's bankruptcy petition specifically listed an alleged debt for $685.00 that Defendant had been attempting to collect. **Exhibit B** at 36.

11. Plaintiff's bankruptcy petition correctly listed Defendant's principle business address, and Plaintiff's filing caused notice of her bankruptcy to be sent to Defendant through the Bankruptcy Noticing Center ("BNC"), see attached as **Exhibit C** the Certificate of Notice executed by the BNC establishing service of the notice of bankruptcy filing upon Defendant.

12. On or about December 28, 2016, Plaintiff was granted a discharge of her listed debts by the Bankruptcy Court, including a discharge of the debt that Defendant sought to collect. See attached Discharge Order attached as **Exhibit D**.

13. Between August 19 and December 28, 2016, Defendant continued attempting to collect the alleged debt listed in Plaintiff's Schedule E/F, including in phone calls made directly to Plaintiff.

14. After August 19, 2016, Defendant did not file a proof of claim, seek a partial lifting of the automatic stay, or take any other action that would lawfully permitted it to attempt to collect the alleged debt from Plaintiff or permit it to represent that it could lawful attempt to collect the debt, which was subject to the automatic stay.

15. Defendant's collection efforts occurred with actual knowledge of Plaintiff's bankruptcy filing and of Plaintiff's representation by counsel regarding the alleged debt.

16. Plaintiff was highly confused and upset by the demands for payment by Defendant as she believed her bankruptcy filing prohibited such a payment demand.

17. Concerned about the violations of her rights and protections afforded by virtue of filing her Chapter 7 bankruptcy, Plaintiff sought further assistance of counsel to ensure that Defendant's collection efforts ceased – though Defendant's efforts continued.

18. Pursuant to 15 U.S.C. § 1692c(a)(2), now that Defendant had actual knowledge that Plaintiff had an attorney, Defendant should have ceased communications with Plaintiff other than to take her attorney's name and contact information.

19. Further, 15 U.S.C. § 1692e states:

> False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2) The false representation of –
>
>     (A) the character, amount, or legal status of any debt . . . .
>
> . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C §§ 1692e, (2)(A), (3), (5), & (10).

20. Through its outrageous and abusive conduct, Defendant falsely represented the collectability of the alleged debt, threatened to take collection action that could not legally be taken, and used deceptive means in attempting to collect the alleged debt from Plaintiff after Plaintiff's Chapter 7 bankruptcy filing.

21. Through its outrageous and abusive conduct, Defendant attempted to side-step Plaintiff's attorney and communicated directly with Plaintiff in order to misleadingly attempt to convince Plaintiff to make a payment.

22. Defendant's misrepresentations were material for purposes of 15 U.S.C. § 1692e. *But see Janetos v. Fulton Friedman & Gullace*, 825 F.3d 317, 324 (7th Cir. 2016) (holding that evidence of confusion or materiality unnecessary to prove violations of Section 1692g).

23. Plaintiff never entered into any agreement consenting to arbitrate disputes between herself and Defendant or waiving her right to a trial by jury.

24. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

25. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

26. Defendant's conduct has caused Plaintiff to suffer damages including and as a direct consequence of the Defendant's acts, business practices, and conduct, Plaintiff also has suffered shame, humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

27. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

28. Plaintiff suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

29. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I: VIOLATION OF THE FDCPA

30. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

31. In its attempts to collect the alleged debt from Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692 *et seq.*, including but not limited to the following:

   a. Continuing its debt collection efforts after Plaintiff filed bankruptcy, 15 U.S.C. §§ 1692c(a)(2), 1692e(2), and 1692e(10);

   b. Sending dunning letters directly to Plaintiff when it knew she was represented by counsel in violation of 15 U.S.C. § 1692c(a)(2);

   c. Falsely representing the character, amount, or legal status of the alleged debt as the subject debt was not collectible by virtue of the Automatic Stay, 15 U.S.C. § 1692e(2);

   d. Falsely representing that the subject debt was collectible when it sent the dunning letter to Plaintiff by representing that the debt was collectible despite the Automatic Stay, 15 U.S.C. § 1692e(10);

   e. Using oppressive, deceptive, and unfair collection tactics, including but not limited to attempting to induce Plaintiff to forgo her attorney representation though Defendant had received actual knowledge of the identity of Plaintiff's attorney and attempting to induce Plaintiff to forgo the benefit of the Automatic Stay, 15 U.S.C. § 1692d-f.

32. Each of Defendant's violations of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff respectfully requests a judgment be entered by this Court in favor of Plaintiff, and against Defendant, finding that Defendant violated the FDCPA and awarding Plaintiff relief, including:

   a. statutory damages of $1,000;

   b. actual damages;

   c. prejudgment and/or post-judgment interest as permitted by law;

   d. costs and reasonable attorneys' fees; and

   e. Such other or further relief in Plaintiff's favor as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts so triable.

DATED: February 13, 2017         By:    /s/ Nathan D. Sturycz_____
                                        Nathan D. Sturycz, #630261
                                        100 N. Main St., Suite 11
                                        Edwardsville, IL 62025
                                        P: 866-831-3100, ext. 101
                                        F: 888-632-6937
                                        nathan@mainstreet-law.com

                                        Attorney for Plaintiff